### MICHAEL NOLAN *vs*. JEREMIAH COLLINS & others.

The plaintiff contracted with the defendant to lay all the brick used on a building. *Held* that an auditor's report, finding the defendant was indebted to the plaintiff for laying brick on the building, was admissible in evidence, and, in the absence of all other evidence, would warrant the jury in returning a verdict for the plaintiff.

CONTRACT upon an agreement by which the plaintiff engaged with the defendants to lay all brick used on a building for the sum of $9.75 a thousand. The case was referred to an auditor, who reported that the defendants were indebted to the plaintiff in the sum of $559.50, and stated the account as follows:

Messrs. J. Collins & others (defendants) to Michael
    Nolan (plaintiff) Dr., for the laying 142,000 bricks
    on A. J. Brown's houses on Bainbridge Street, Bos-
    ton Highlands, at $9.75 per 1000 . . . $1384.50
Cr. By Cash rec'd on account . . . . 825.00

                                            $559.50

At the trial in the Superior Court, before *Lord*, J., the plaintiff was allowed to read the auditor's report to the jury, against the defendants' objection. The plaintiff then rested his case, and the defendants did the same. The court ruled that, in the absence of all other evidence, the auditor's report was sufficient evidence for the jury to return a verdict for the plaintiff. A verdict was thereupon returned for the amount of the auditor's report, and the defendants alleged exceptions. The case was submitted on briefs.

*M. Stevens*, for the defendants.

*B. Dean & J. A. Sawyer*, for the plaintiff.

BY THE COURT. The auditor's report was properly read to the jury, and, as it found that such work had been done as was contracted for, and there was no evidence that any part of the work remained unfinished, it was *prima facie* evidence that the contract had been performed, and the jury were authorized to find a verdict for the amount reported to be due.